<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEITH J. MITAN, | ) |
| Plaintiff, | ) ) ) ) Civil Action No. 08-6154 (GEB) |
| v. | ) ) **MEMORANDUM OPINION** |
| A. NEUMANN & ASSOCIATES, LLC, A New Jersey Limited Liability Company; ACHIM NEUMAN; and JOHN DOES 1 through 10, | ) ) ) ) ) ) |
| Defendants. | ) |

<u>**BROWN, Chief Judge**</u>

    This matter comes before the Court upon (1) the Motion for Summary Judgment filed by Defendants A. Neumann & Associates, LLC, and Achim Neumann (collectively, "Defendants") (Doc. No. 36-3); (2) Defendants' Motions for Sanctions against Plaintiff Keith J. Mitan ("Plaintiff") (Doc. Nos. 41, 45); (3) Plaintiff's Cross Motion for Sanctions against Defendants' Attorney (Doc. No. 51); and (4) Plaintiff's Cross Motion for an Order Requiring Identification of Brokers.[1] (Doc. No. 47.) All Motions are Opposed. (Doc. No. 44; Doc. No. 47; Doc. No. 49; Doc. No. 50.) The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the

---

[1] The Court will treat Plaintiff's Cross Motion for an Order Requiring Identification of Brokers as a Rule 56(f) Motion to Extend Discovery in response to Defendants' Summary Judgment Motion, which appears to be its closest legal relative.

Court will dismiss Defendants' Motion for Summary Judgment with leave to re-file, dismiss all Motions for Sanctions with leave to re-file, and dismiss Plaintiff's Cross Motion for an Order Requiring Identification of Brokers with leave to re-file.

### I. BACKGROUND

This matter involves an action for libel arising from an email forwarded Defendant A. Neumann & Associates, LLC ("Neumann, LLC"). Neumann, LLC is a business brokerage firm operating out of its offices in Atlantic Highlands, New Jersey, and Defendant Achim Neumann is its principal officer. (Defs.' Aff. ¶¶ 1, 2; Doc. No. 36-1.) Plaintiff is an individual named Keith J. Mitan. (Pl.'s Aff. ¶ 1; Doc. No. 47-1.)

On January 27, 2010, Defendants filed the instant Motion for Summary Judgment. (Doc. No. 36.) On February 2, 2010, Defendants filed a Motion for Sanctions against Plaintiff pursuant to 28 U.S.C. § 1927. (Doc. No. 41.) Plaintiff filed his Response in Opposition to Defendants' Motion for Sanctions on February 17, 2010. (Doc. No. 44.) Defendants also filed a Motion for Sanctions against Plaintiff pursuant to FED. R. CIV. P. 11c on February 24, 2010, after serving notice on Plaintiff as required by the Rule. (Doc. No. 45.) Plaintiff filed his Response in Opposition to Defendants' Motion for Summary Judgment, which included a Cross Motion for Order Identifying Brokers on March 1, 2010. (Doc. No. 47.) Defendants filed their Reply Brief to Plaintiff's Opposition to Defendants' Motion for Summary Judgment on March 5, 2010. (Doc. No. 48.) They also filed their Response in Opposition to Plaintiff's Motion for Order Identifying Brokers on March 16, 2010. (Doc. No. 49.) Plaintiff filed his Response in Opposition to Defendants' Motion for Sanctions on March 22, 2010. (Doc. No. 50.) Plaintiff

also filed a Cross Motion for Sanctions against Defendants' Attorney on March 22, 2010. (Doc. No. 51.) Finally, Plaintiff filed his Reply Brief to Defendants' Opposition to Plaintiff's Motion for Order Identifying Brokers on March 29, 2010. (Doc. No. 54.) The Motion for Summary Judgment, Motions for Sanctions, and Cross-Motion for Order Identifying Brokers are before the Court.

**II.     DISCUSSION**

The Local Rules supplement the Federal Rules and provide that, when filing a Motion for Summary Judgment or an Opposition to such motion, "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. CIV. R. 56.1(a). "Where possible, a single joint Rule 56.1 statement is favored." ALLYN Z. LITE, NEW JERSEY FEDERAL PRACTICE RULES 192 (2006 ed.) (citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' L. Civ. R. 56.1 statements cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

The Statement of Material Facts Not In Dispute Pursuant to LOC. CIV. R. 56.1(a) ("Rule 56.1 Statement") is critical to a District Court's ability to decide Summary Judgment Motions. See L. CIV. R. 56.1(a) cmt. 2a. ("The Rule 56.1 statement is viewed by the Court as a vital procedural step, since it constitutes and is relied upon as a critical admission of the parties"); Bayer AG v. Schein Pharmaceutical, 129 F. Supp. 2d 705, 708 n.2 (D.N.J. 2001) (GEB), aff'd 301 F.3d 1306 (3d Cir. 2002) ("The relevant facts are taken from the parties' statements of

undisputed material facts submitted in accordance with Rule 56.1 of the Local Civil Rules of the United States District Court for the District of New Jersey."). The requirements of the Rule 56.1 Statement may be excused where submissions satisfy the substance of the rule. See Schecter v. Schecter, 2008 U.S. Dist. LEXIS 97518 (D.N.J. Nov. 26, 2008) (KSH) (noting that parties' submissions required "judicial scavenger hunt for relevant facts").

The parties to this litigation have not properly submitted Rule 56.1 Statements. They have not submitted the preferred joint statement, or provided their own properly prepared individual statements. Nor have the parties provided factual sections in their briefs so as to satisfy the substance of the rule. The parties' submissions do not narrow the key issues enough to permit the Court to properly adjudicate this action. Because the undisputed material facts are not clearly identified to a point where the Court can reach an informed and just conclusion of the matter, the Court will dismiss the Motion for Summary Judgment with leave to re-file.

As the Court will not now reach the merits of Defendants' Motion for Summary Judgment, it is currently premature to reach any conclusions on the parties' Motions for Sanctions. For that reason, The Court will dismiss all Motions for Sanctions with leave to re-file.

Nor will the Court reach the merits of Plaintiff's Cross Motion for an Order Identifying Brokers at this time. As previously noted, the Court will treat this Motion as a Rule 56(f) Motion to Extend Discovery. (Supra, n.1). This Motion is necessarily and inextricably intertwined with Defendants' Motion for Summary Judgment and Plaintiff's Opposition to that Motion. Reaching a conclusion on the matter would be equally premature, and so the Court will dismiss the Plaintiff's Cross Motion for an Order Identifying Brokers without prejudice.

### III.     CONCLUSION

For the foregoing reasons, the Court will dismiss Defendants' Motion for Summary Judgment with leave to re-file, dismiss all Motions for Sanctions with leave to re-file, and dismiss Plaintiff's Cross Motion for an Order Requiring Identification of Brokers with leave to re-file.


Dated: June 21, 2010


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.